Curia, per

Earle, J.
Payment seems necessarily to imply the assent of him who claims the benefit of it; and it is difficult to conceive of a payment which precedes, several years in point of time, the existence of the debt which it is alleged to extinguish, unless there be some proof of an agreement between the parties so to consider it. A counter demand is not payment. If the plaintiff had received the defendant’s money after his cause of action arose, he would not have been authorized to apply it as a payment, without the assent of defendant. The money received by the plaintiff here, was paid him four or five years before his_ cause of action arose against the defendant; during that time he was liable for so much money had and received to the defendant’s use, as a separate and independent cause of action. *If barred by the Statute of Limitations, before the account sued on was made, it cannot be supposed that there was any connection between them, as there is certainly no proof of any. If not barred, and the defendant had brought an action against the plaintiff, could the plaintiff' have relied on his present demand as a payment ? Certainly not. Discount and payment are not convertible terms. Discount may admit the existence of the plaintiff’s demand ; payment implies that it has been extinguished. If the plaintiff had applied the money received by him, as a payment of the demand sued on, it would have been at the option of the defendant to repudiate it or not. He might still have recovered it by action, and hence disputed the account. It is enough for the purpose of this motion, to say, that if the defendant’s demand against the plaintiff was a proper subject of discount at all, it cannot, under the general issue, be considered as payment; and the defendant cannot be permitted, without notice, to avail himself of a separate cause of action, which the plaintiff cannot be prepared to resist.
The motion is granted :
the whole court concurring.